# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS SPRINGFIELD DIVISION

| | |
|---|---|
| DON F. EBERHARDT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 16-cv-3080 |
| | ) |
| LESLIE GRAVES, Judge; | ) |
| APRIL TROEMPER, Judge; | ) |
| AURA MONICA EBERHARDT; | ) |
| PEGGY J. RYAN, Esq.; | ) |
| JACKSON DONLEY, Esq.; | ) |
| MICHAEL COSTELLO, Esq.; and | ) |
| RUDOLPH BRAUD, JR., Judge, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Plaintiff Don F. Eberhardt's Application to Proceed in District Court Without Prepaying Fees and Costs (d/e 2) (Motion). For the reasons set forth below, this Court recommends that the Motion should be DENIED, the federal claims should be DISMISSED with prejudice, and the state law claims should be DISMISSED without prejudice for lack of jurisdiction.

Eberhardt alleges that the Defendants violated his civil rights, conspired to deprive him of his rights under color of law, and conspired to

defraud the United States.  Eberhardt brings these claims under 42 U.S.C. § 1983 and 18 U.S.C. §§ 241, 242, and 371.  Eberhardt also alleges state law claims, including a claim against the Defendant Judges for Judicial Malversation.[1]

The claims arise from Eberhardt's alleged fraudulent marriage to Defendant Aura Monica Eberhardt (Aura).  According to the Complaint (d/e 1), Eberhardt and Aura purportedly married in 1996.  Aura was a Romanian citizen at the time.  Eberhardt alleges that Aura was actually legally married to another man at the time of their wedding in 1996.  Eberhardt and Aura lived together as husband and wife until Aura commenced divorce proceedings in 2010 in Illinois Circuit Court, Sangamon County, Illinois.  Eberhardt v. Eberhardt, Sangamon County Circuit Court Case No. 2010-D-859 (Divorce Proceeding).  During the approximately fourteen-year relationship, Eberhardt and Aura had two children, and Aura became an American citizen and a psychiatrist.

Eberhardt alleges that he discovered during the pendency of the Divorce Proceeding that Aura was legally married to another man in 1996

---

[1] Malversation is a French legal term that refers to "all grave and punishable faults committed in the exercise of a charge or commission, (office,) such as corruption, exaction, concussion, larceny."  Black's Law Dictionary (Rev. 4th ed. 1968), at 1112.  Cf. Airo Supply Co. v. Page, 2 Ill.App.2d 264, 272, 119 N.E.2d 400, 404 (Ill.App. 1st Dist. 1954) (The term "defalcation" in the Bankruptcy Act, "was intended to cover defaults other than malversations implied by 'fraud,' 'embezzlement,' and 'misappropriations,' else it adds nothing to those terms.").

when they purported to marry, and she was never legally married to him. Eberhardt filed a counterclaim in the Divorce Proceeding for mental cruelty, and annulment based on fraud. Eberhardt alleges that the Defendants did not allow him to pursue his counterclaims. The Judgment of Dissolution of Marriage was entered on October 18, 2011. See Complaint, Collective Attachments, at 21-29, 40-47.

Eberhardt alleges that the Defendants conspired to deny him his civil rights throughout the Divorce Proceeding and his appeal. The Defendants further allegedly conspired to defraud the United States. In February 2013, Eberhardt prepared a memorandum setting forth in detail the basis of his claims. Complaint, Collective Attachments at 65-72, Memorandum entitled "Complaint Against a Judge: Rudolph Braud, Jr." Eberhardt brought this action on March 18, 2016.

## ANALYSIS

This Court must dismiss a case brought under a request to proceed without prepayment of fees and costs if the plaintiff fails to state a claim on which relief may be granted. 18 U.S.C. § 1915(e)(2)(B)(ii). Eberhardt's federal claims should be dismissed because they fail to state a claim.

Eberhardt brings his federal claims under 42 U.S.C. § 1983, and 18 U.S.C. §§ 241, 242, and 371. Section 1983 has a two-year statute of

limitations in Illinois.  Woods v. Illinois Department of Children and Family Services, 710 F.3d 762, 768 (7th Cir. 2013).   Eberhardt knew that he had a cause of action by February 2013, but did not bring the action until more than three years later.  His §1983 claims are barred by the statute of limitations.

Sections 241, 242, and 371 of Title 18 of the United States Code are criminal statutes.  The Department of Justice enforces these provisions through criminal prosecutions or other proceedings authorized by law.  These criminal statutes do not authorize private individuals such as Eberhardt to bring civil law suits for violations of these statutes.  See e.g., Abou-Hussein v. Gates, 657 F.Supp.2d 77, 81 (D.D.C. 2009) (no private cause of action under 18 U.S.C. § 241); Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges, 248 F.Supp.2d 248 F.Supp.2d 17, 23 (D.D.C. 2003) (no private causes of action under 18 U.S.C. §§ 242 and 371); Dugar v. Coughlin, 613 F.Supp. 849, 852 n.1 (S.D.N.Y. 1985) (same).  Eberhardt fails to state a claim under federal law.

Eberhardt alleges several state law claims.  This Court should decline to exercise supplemental jurisdiction over these claims. Generally, this Court declines to exercise supplemental jurisdiction over state law claims when the plaintiff fails to state a claim that invokes this Court's original

jurisdiction.  28 U.S.C. § 1367(c)(3); Burritt v. Ditlefsen, 807 F.3d 239, 252 (7th Cir. 2015).   The plaintiff generally may then pursue those claims in state court.

In unusual cases, this Court may, in its discretion, continue to exercise supplemental jurisdiction based on factors of judicial economy, convenience, fairness and comity.  Burritt, 807 F.3d at 252.  This is not an unusual case.  Judicial economy does not weigh in favor of exercising supplemental jurisdiction.  Eberhardt has not invested significant time or money in litigating in this Court.  He will not be inconvenienced or prejudiced by taking his state law claims to state court.

Considerations of fairness also do not make this case unusual.  The Court is confident Eberhardt would receive a fair hearing in the Illinois court even though he alleges claims against three Illinois judges.  Illinois prohibits a judge from hearing a case in which the judge has a conflict of interest and requires a judge to rule impartially and with integrity.  Ill. Sup. Ct. Rule 62 and 63.  Eberhardt's state law claims would be heard by an impartial and disinterested judge if he refiled them in state court.

In addition, Eberhardt's allegations of Judicial Malversation implicate Illinois' policy of absolute judicial immunity from suit.  See e.g., Generes v. Foreman, 277 Ill.App.3d 353, 354-55, 660 N.E.2d 192, 193 (Ill. App. 1st

Dist. 1995).  The interests of comity weigh in favor of letting the state courts interpret and apply that state policy.

Finally, this Court could not provide Eberhardt at least part of the relief he seeks.  Eberhardt seeks as part of his prayer for relief, "To have every finding, every ruling, and every order made by Judge Rudolph Braud Jr. in [the Divorce Proceeding] struck down and nullified." Complaint, Collective Attachments, at 8.  This Court has no authority to review final judgments in state court proceedings.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).  Therefore, this Court cannot strike down or nullify orders in the Divorce Proceeding.  Eberhardt would be better off attempting to secure this relief in state court.[2]

The relevant factors weigh against exercising discretionary supplemental jurisdiction in this case.

THEREFORE, This Court recommends pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs (d/e 2) should be DENIED, that the claims brought under 42 U.S.C. § 1983, and 18 U.S.C. §§ 241, 242, and

---

[2] This Court is not commenting on the likelihood that Eberhardt could secure this type of relief in state court or the correct procedure to attempt to challenge a final judgment in Illinois courts.

371 should be DISMISSED with prejudice, and his state law claims should be DISMISSED without prejudice for lack of jurisdiction.

The Plaintiff Eberhardt is advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.

ENTER: March 24, 2016

s/ Tom Schanzle-Haskins
UNITED STATES MAGISTRATE JUDGE