IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| DON FRANK EBERHARDT, | ) |
| Plaintiff, | ) |
| v. | ) No. 16-cv-3080 |
| RUDOLPH BRAUD, Jr., Judge, | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Don Frank Eberhardt's Motions for Leave to Proceed in forma pauperis (d/e 2, 10 and 12), Motions to Request Counsel (3 and 9), Application for Court Appointed Legal Representation (d/e 13), Letter deemed to be a Motion for Hearing and Request for Counsel (d/e 6), and Motion for Hearing (d/e 15).  This Court previously entered a Report and Recommendation recommending denial of Eberhardt's request to proceed in forma pauperis on the original Complaint (d/e 1).  Report and Recommendation entered March 24, 2016 (d/e 4).  Eberhardt subsequently filed an Amended Complaint (d/e 5) and Second Amended Complaint (d/e d/e 8).  The amended pleadings have rendered the Report and Recommendation moot.  The Report and Recommendation is withdrawn.

The Second Amended Complaint supersedes the original Complaint and Amended Complaint. The Second Amended Complaint names Sangamon County, Illinois, Associate Circuit Judge Rudolph Braud, Jr. as the only Defendant. The claims previously alleged against all other Defendants in the prior Complaint and Amended Complaint are voluntarily withdrawn and dismissed without prejudice.

The Court recommended against granting Eberhardt in forma pauperis status because his federal claims as alleged in the original Complaint were barred by the statute of limitations. Report and Recommendation, at 4. Eberhardt has alleged additional facts to attempt to show that the statute of limitations was tolled. These allegations are sufficient to allow Eberhardt to proceed in forma pauperis. The Court is not deciding whether the statute of limitations was or was not tolled or whether any claim in the Second Amended Complaint is barred by the statute of limitations. The Court is also not deciding any other issue in this case. The Court only finds that the current allegations are sufficient to allow Eberhardt to proceed without prepayment of fees or costs and to let the parties fully litigate all issues.

Eberhardt's motions for appointment of counsel are denied (d/es 3, 6, 9, 13). The Court does not have the authority to require an attorney to accept pro bono appointment in a civil case such as this. Pruitt v. Mote, 503 F.3d 647, 653

(7th Cir. 2007).  The Court can only ask for volunteer counsel.  In determining whether the Court should attempt to find an attorney to take the case voluntarily, the issue is "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"  Childress v. Walker, 787 F.3d 433, 442-43 (7th Cir. 2015); (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)).  This inquiry is an individualized one, based on the record as a whole, the nature of the claims, and the plaintiff's ability to pursue his claims through all phases, including discovery and trial.  Navejar v. Iyioloa, 718 F.3d 692, 696 (7th Cir. 2013).  "The court must examine 'whether the difficulty of the case—factually and legally—exceed the particular plaintiff's capacity as a layperson to coherently represent it.'"  Id.  Eberhardt's filings are well written, offering relevant facts and law.  Eberhardt is highly educated having earned undergraduate and graduate degrees.  Eberhardt also has extensive knowledge of the factual basis for his claims.  The Court concludes that, on the current record, Eberhardt appears competent to proceed pro se at this time.  See Perez v. Fenoglio, 792 F.3d 768, 785 (7th Cir. 2015). The requests for appointment of counsel are denied.

    Eberhardt's requests for a hearing are denied (d/es 6, 15).  The Court finds no need for a hearing at this time.

    THEREFORE Plaintiff Don Frank Eberhardt's Motions for Leave to Proceed in forma pauperis (d/e 2, 10 and 12) are ALLOWED; and Plaintiff's Motions to

Request Counsel (3 and 9), his Application for Court Appointed Legal Representation (d/e 13) , his Letter deemed to be a Motion for Hearing and Request for Counsel (d/e 6), and his Motion for Hearing (d/e 15)  are DENIED. The Report and Recommendation entered March 24, 2016 (d/e 4) is WITHDRAWN as moot.  Plaintiff Don Frank Eberhardt may proceed in forma pauperis against Defendant Braud on the Second Amended Complaint.

The Clerk of the Court is directed to send notice of lawsuit waiver of service forms to the Defendant at the address provided by the Plaintiff along with a copy of the Second Amended Complaint, two copies of the waiver form, and a prepaid envelope to return the form by first class mail to the Clerk.  If the Defendant fails to sign and return a waiver within 30 days from the date said forms were sent, the Court will direct personal service by the U.S. Marshal at the Defendant's expense.

ENTER:  May 24, 2016

_s/ Tom Schanzle-Haskins_
UNITED STATES MAGISTRATE JUDGE