# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **DON FRANK EBERHARDT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 16-cv-3080 |
| | ) |
| **RUDOLPH BRAUD, JR., JUDGE,** | ) |
| | ) |
| Defendant. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter comes before the Court on a Merit Review pursuant to 28 U.S.C. § 1915(e)(2).  For the reasons set forth below, Plaintiff Don Frank Eberhardt has failed to state a claim on which relief may be granted.  In addition, Plaintiff seeks monetary relief against a defendant who is immune from such relief.  Therefore, the Second Amended Complaint (d/e 8) is DISMISSED with prejudice.

## I. BACKGROUND

On March 18, 2016, Plaintiff filed a pro se Complaint (d/e 1) and an Application to Proceed in District Court Without Prepaying Fees and Costs (d/e 2).  On March 24, 2016, United States Magistrate Judge Tom Schanzle-Haskins issued a Report and

Recommendation (d/e 4) recommending that the Motion to Proceed in District Court Without Prepaying Fees and Costs be denied, the federal claims be dismissed with prejudice, and the state law claims be dismissed without prejudice for lack of jurisdiction.  In particular, Judge Schanzle-Haskins found that Plaintiff's 42 U.S.C. § 1983 claims were barred by the two-year statute of limitations; Sections 241, 242, and 371 of Title 18 of the United States Code did not authorize private individuals to bring civil lawsuits for violation of the statutes; and the allegations of "Judicial Malversation" implicated Illinois' policy of absolute judicial immunity from suit. Judge Schanzle-Haskins also found that part of the relief Petitioner sought—to have every order made by the state court judge nullified—was barred by the Rooker-Feldman doctrine.

Instead of filing an objection to the Report and Recommendation, Plaintiff filed an Amended Complaint (d/e 5) on April 8, 2016.  On April 15, 2016, Judge Schanzle-Haskins entered an Opinion (d/e 7) granting Plaintiff leave to file a Second Amended Complaint containing all of claims and defendants Plaintiff intended to include.  Judge Schanzle-Haskins expressed concern that Plaintiff had omitted from the Amended Complaint certain

allegations and claims contained in the original Complaint and wanted to give Plaintiff a chance to assert all of his claims against all of the defendants in one pleading.

On April 29, 2016, Plaintiff filed his Second Amended Complaint (d/e 8). The Second Amended Complaint is 31 pages long and is brought only against Defendant Rudolph Braud, Jr., a Sangamon County Associate Judge. Plaintiff brings the claim pursuant to 42 U.S.C. § 1983 and complains of violations of his First, Fifth, Eighth, Ninth, and Fourteenth Amendment rights under the United States Constitution. On May 24, 2016, Judge Schanzle-Haskins granted Plaintiff's Motion for Leave to Proceed In Forma Pauperis. Opinion (d/e 16).

Under 28 U.S.C. § 1915(e), this Court must dismiss an in forma pauperis action at any time if the Court determines that the action is frivolous or malicious, fails to state a claim, or seeks monetary damages against an immune defendant. 28 U.S.C. §1915(e)(2)(B)(i)-(iii). Having reviewed the Second Amended Complaint, this Court finds that dismissal is warranted because Plaintiff has failed to state a claim on which relief may be granted.

In addition, Plaintiff seeks monetary relief against a defendant who is immune from such relief.

## II. LEGAL STANDARD

When screening a complaint under 28 U.S.C. § 1915, a court applies the same standard used to evaluate dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Arnett v Webster, 658 F.3d 742, 751 (7th Cir. 2011) (applying the Rule12(b)(6) standard when reviewing a dismissal under §1915(e)(2)(B) for failure to state a claim).  To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendant fair notice of the claims.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).  A court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in the plaintiff's favor. Id.  Moreover, pro se pleadings are liberally construed.  See Ambrose v. Roeckeman, 749 F.3d 615, 618  (7th Cir. 2014) (stating that "[t]he question for us is whether the petition adequately presents the legal and factual basis for the claim, even if the precise legal theory is inartfully articulated or more difficult to discern").

A complaint must, however, set forth facts that plausibly demonstrate a claim for relief.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).  A plausible claim is one that alleges facts from which a court can reasonably infer that the defendants are liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action.  Id.

### III. ANALYSIS

In the Second Amended Complaint, Plaintiff complains of Judge Braud's handling of Plaintiff's dissolution of marriage case, Sangamon County Circuit Court Case No. 2010-D-859.  Plaintiff asserts that his ex-wife, Aura Monica Eberhardt, a Romanian national, was still married to another man when she married Plaintiff.  As such, according to Plaintiff, his marriage to Aura was invalid.  Plaintiff tried to bring this evidence before Judge Braud but Judge Braud would not allow Plaintiff to question his "Accuser" in any meaningful way, obtain and present evidence, or call witnesses.  Second Am. Compl. at 4.  Plaintiff also complains that Judge Braud did not allow Plaintiff "unfettered, unshackled legal representation,"

did not hold a hearing before Plaintiff's property was seized, and did not protect Plaintiff from the harm of losing his business. Id. Plaintiff also alleges that the testimony Plaintiff gave in the dissolution of marriage case on August 5, 2011 has been withheld from him by the court reporter and that Judge Braud "had the power to tamper with, suppress, delete, and/or remove the Official Court Transcripts." Second Am. Compl. at 4. Plaintiff also complains that Judge Braud forced Plaintiff to sign a real estate contract under threat of contempt of court. Id. For relief, Plaintiff seeks relief from all orders made by Judge Braud in violation of the law and monetary damages of $1 million. Id. at 29.

    A court may take judicial notice of documents in the public record. Olson v. Champaign Cnty., Ill., 784 F.3d 1093, 1096 n.1 (7th Cir. 2015). A search of the Sangamon County Circuit Clerk's website shows that judgment of dissolution was entered October 18, 2011 by Judge Braud in Case No. 2010-D-859. See Sangamon Court Circuit Court website http://records.sangamoncountycircuitclerk.org/sccc/DisplayDocket.sc (last visited July 7, 2016). Plaintiff appealed, and the judgment was affirmed. See In re Marriage of Eberhardt, 2012 IL App (4th)

111144-U (2012).  The Sangamon County case was assigned to another judge on October 9, 2013.

Plaintiff fails to state a claim for relief for several reasons. First, this Court lacks jurisdiction to void the state court orders, which is part of the relief Plaintiff seeks.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); see also Young v. Murphy, 90 F. 3d 1225, 1230 (7th Cir. 1996) (except for limited exception, such as habeas corpus, a district court lacks the authority to review final judgments of state courts); Sheetz v. Norwood, 608 F. App'x 401, 404 (7th Cir.2015) ("The defendants are correct that the domestic-relations exception would bar [the plaintiff] from seeking to 'void' the state court's custody orders").

Second, Judge Braud is entitled to absolute judicial immunity. A judge is entitled to absolute judicial immunity for his judicial acts unless he acted in the clear absence of jurisdiction, even if the action is erroneous, malicious, or in excess of his authority. Brokaw v. Mercer Cnty., 235 F.3d 1000, 1015 (7th Cir. 2000). Here, Judge Braud acted within his jurisdiction because he had jurisdiction to hear the dissolution of marriage case.  See Ill. Const.

1970, art. VI, § 9 ("Circuit Courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction . . . ."); Ill. Const. 1970, art. VI, § 8 ("The Supreme Court shall provide by rule for matters to be assigned to Associate Judges"); S. Ct. R. 295: (providing that the chief judge of the circuit may assign an associate judge to hear any matter except a felony case, although the supreme court may authorize a circuit judge to make a temporary assignment of an individual associate judge to conduct trials of felony cases). Moreover, Plaintiff complains of acts taken by Judge Braud in his judicial capacity. See, e.g., Loubser v. Thacker, 440 F.3d 439, 442 (7th Cir. 2006) (finding the judges were entitled to absolute immunity for claims that they conspired with others to destroy the plaintiff financially and drive her out of the country by manipulating the divorce proceedings); Sanchez-Figuroa v. Bergmann, No. 15-cv-560, 2015 WL 4365495, at * 5 (S.D. Ill. 2015) (finding the judge was entitled to absolute judicial immunity for claim that he conspired with others to delay and alter the transcripts of the proceeding).

    Finally, Plaintiff's claims are barred by the statute of limitations. Although a plaintiff is not required to negate an

affirmative defense in his complaint, dismissal is appropriate when the complaint contains sufficient facts to establish the affirmative defense.  <u>Andonissamy v. Hewlett-Packard Co.</u>, 547 F.3d 841, 847 (7th Cir. 2008); <u>Clark v. City of Braidwood</u>, 318 F.3d 764, 767 (7th Cir. 2003).

Section 1983 has a two-year statute of limitations in Illinois. <u>Woods v. Ill. Dep't of Children & Family Servs.</u>, 710 F.3d 762, 768 (7th Cir. 2013).  Plaintiff complains of events that occurred in 2010 through 2012 but did not file suit until March 18, 2016.  Moreover, Judge Braud was no longer involved with Plaintiff's dissolution case after October 2013.  Therefore, the §1983 claims are barred by the statute of limitations.

## IV. CONCLUSION

For the reasons stated, Plaintiff's Second Amended Complaint fails to state a claim on which relief can be granted.  In addition, Plaintiff seeks monetary relief against a defendant who is immune from such relief.  Therefore, Plaintiff's Second Amended Complaint (d/e 8) is DISMISSED with prejudice.  All pending motions are DENIED AS MOOT.  This case is CLOSED.

ENTER: July 7, 2016

FOR THE COURT:

                                          <u>s/Sue E. Myerscough</u>
                                    SUE E. MYERSCOUGH
                                    UNITED STATES DISTRICT JUDGE